DEGRAUW v. ATTRILL et al.

(Circuit Court, E. D. New York. ' June 29, 1896.)

ABATEMENT—ANOTHER SUIT PENDING.

A suit to foreclose a mortgage was brought against the mortgagor, A., who was the owner of the equity of redemption, and others. Thereafter A.'s right was sold on execution against him, and became the property of G.; and after A.'s death the suit was not revived against his personal representative, nor were his heirs or G. made parties. *Held*, that such suit was not one for the same relief as a subsequent suit for foreclosure against G., and hence its pendency did not affect the right to bring the latter suit.

Bill by Aaron A. Degrauw against Helen F. Attrill and others.

Edward S. Clinch and John E. Parsons, for plaintiff.
Maxwell Evarts and Benj. F. Tracy, for defendants.

WHEELER, District Judge. This bill is brought to foreclose a mortgage made by Frederick A. Phipps to Alonzo B. Wright, and assigned to the plaintiff. The defendants Isaac E. Gates and Ellen H. Gates, his wife, have pleaded the pendency of a former suit to foreclose this mortgage, in bar of this suit, and the plea has been traversed. The proofs show that a suit was brought in the name of the mortgagee, to foreclose this mortgage against the mortgagor, and Henry Y. Attrill, owner of the equity of redemption, and others; that Attrill's right was sold on execution against him, and has thereby come to Isaac E. Gates; that Attrill had died, and the suit had not been revived against his personal representative, nor had his heirs or Gates been made parties, or other proceedings been had advancing it. The question is whether these facts sustain the issue joined upon the plea, on the part of these defendants, that "there now is a former cause pending for the same cause of action alleged in the bill of complaint herein, and praying the same relief." The cause of action there does include the foreclosure of the same mortgage; but to be the same cause of action for the same relief, in the language of the plea, it must be not only for the foreclosure of the same mortgage, but for its foreclosure for and against the same parties. The plaintiff is said to have been the owner of the mortgage before, and to have prosecuted the former suit for his own benefit, in the name of Wright, which may be, and probably is, true. If so, the suit for equitable relief should, seemingly, have been brought in his own name, as equitable owner; but, if brought by him in the name of the legal holder, he would be the real party, and be bound by the proceedings. If not so, and he purchased pendente lite, he would have the same right to prosecute, and would be likewise bound. So, the plaintiff's side in this suit is the same as that in the former suit, when this suit was brought.

But, on the other side, there was no suit pending against Attrill, or against any one who could be affected by his being a party, for he had died, nor against any personal representative of his, for none had been brought in, or appeared, or, so far as shown, existed, in this jurisdiction; and, as his interest had been taken from him in life, neither he nor his personal representative nor his heir would be a necessary party afterwards; and, as neither was in fact a party, there was no presence that could affect a privy in law or estate to either. There was no suit pending to which this owner of the equity of redemption was so a party or a privy that he could be foreclosed, and therefore no suit praying that relief, which is the relief prayed here. Plea overruled; defendants to answer over by August rule day.